UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Plaintiff,<br><br>v.<br><br>NARINDER SAUKHLA,<br><br>Defendant. | No. 2:19-cv-2605 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.   Three Strikes Analysis

Plaintiff has not yet submitted an application to proceed in forma pauperis in this case nor has he paid the required filing fee of $350.00 plus the $50.00 administrative fee. However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury. Instead, the court will recommend that plaintiff be required to pay the $400.00 in required fees or suffer dismissal of the complaint.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a

1

person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff in this court has led to the identification of at least three cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (continued)

2

1. Bontemps v. McKramel, E.D. Cal. No. 2:06-cv-2483 JAM GGH (complaint dismissed with leave to amend for failure to state a claim, case dismissed on December 22, 2008, for failure to file an amended complaint)

2. Bontemps v. McKramer, E.D. Cal. No. 2:06-cv-2580 GEB GGH (complaint dismissed with leave to amend for failure to state a claim, case dismissed on August 30, 2007, for failure to file an amended complaint)

3. Bontemps v. Gray, E.D. Cal. No. 2:07-cv-0710 MCE CMK (complaint dismissed with leave to amend for failure to state a claim, case dismissed on July 5, 2007, for failure to file an amended complaint)

4. Bontemps v. Lee, E.D. Cal. No. 2:12-cv-0771 KJN (complaint dismissed without leave to amend for failure to state a claim on January 31, 2013)

5. Bontemps v. Aquino, E.D. Cal. No. 2:12-cv-2406 EFB (complaint dismissed without leave to amend for failure to state a claim on July 9, 2013)

All of the preceding cases were dismissed well in advance of the December 24, 2019 filing of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that she was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges that plaintiff submitted a staff complaint against defendant Saukhla

---

(citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

| | |
|---|---|
| 1 | on June 24, 2019, after Saukhla cancelled his referral to podiatry for a replacement CAM boot. |
| 2 | (ECF No. 1 at 3.) He claims that he has a right foot fracture that requires an air cast walking boot |
| 3 | to allow him to ambulate properly. Id. Plaintiff has also attached an appeal that indicates that he |
| 4 | was seen by a podiatrist on December 28, 2018, and issued equipment as recommended by the |
| 5 | podiatrist and that he has a chrono for a wheelchair. Id. at 8, 10. Based on these allegations, the |
| 6 | court cannot find that plaintiff was under imminent danger of serious physical injury at the time |
| 7 | he filed his complaint. It will therefore be recommended that plaintiff be required to pay the |
| 8 | filing fee in full or have the complaint dismissed. |

II. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that you be ordered to pay the entire $400.00 in required fees.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:bont2605.1915g.f&r

4